UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** | ) )  ) |
| v. | ) No. 1:19-cr-00026-LEW )  |
| **AMANDA COWETTE**, | ) ) ) |
| Defendant | ) |

### ORDER ON DEFENDANT'S MOTION TO SUPPRESS

Defendant Amanda Cowette's Motion to Suppress (ECF No. 36) is once again before the Court. I previously ruled that Cowette did not unambiguously invoke her Fifth Amendment right to counsel during a custodial interrogation. *United States v. Cowette*, 406 F. Supp. 3d 129, 137–38 (D. Me. 2019), *aff'd in part*, *vacated in part*, *remanded*, 88 F.4th 95 (1st Cir. 2023). After entering a conditional guilty plea reserving her right to appeal my ruling, Cowette appealed, and the First Circuit held that Cowette unambiguously invoked her right to counsel, in league with the parable of the ice cream dessert. *Cowette*, 88 F.4th at 100–02. Thus, the First Circuit remanded this case back to me to rule on the parties' alternative arguments concerning whether Cowette reinitiated conversation with law enforcement and validly waived her Fifth Amendment rights after invoking her right to counsel. *See id.* at 103.

For the reasons below, Cowette's motion to suppress is GRANTED.[1]

---

[1] "Keep a clean nose, watch the plain clothes, you don't need a weatherman to know which way the wind blows." Bob Dylan, *Subterranean Homesick Blues* (Columbia Records 1965).

1

In ruling on this motion, I assume the reader's familiarity with the facts. *See Cowette*, 406 F. Supp. 3d at 131–33; *Cowette*, 88 F.4th at 97–99.

I am told that Cowette apparently invoked her right to counsel with metaphysical certitude. That leaves the issue as to whether Cowette reinitiated conversation with law enforcement. Cowette argues that the officers failed to respect her invocation of the right to counsel because they asked her for safe combinations. The Government argues that Cowette reinitiated conversation with the officers because she made an unsolicited statement that a bag of fentanyl belonged to her. Furthermore, when Lieutenant Gottardi reminded Cowette that she previously stated that she did not want to speak, Cowette said that she would talk now.

The Fifth Amendment of the United States Constitution provides that "No person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. To safeguard the right against self-incrimination, the United States Supreme Court held in *Miranda v. United States* that a defendant's statements during a custodial interrogation are inadmissible during the prosecution's case in chief if the defendant was not advised of her *Miranda* rights and did not knowingly and intelligently waive her rights. 384 U.S. 436, 479 (1966). When a defendant invokes her right to counsel during a custodial interrogation, the defendant "is not subject to further interrogation by the authorities until counsel has been made available to [her], unless the accused h[er]self initiates further communication, exchanges, or conversations with the police." *Edwards v. Arizona*, 451 U.S. 477, 484–85 (1981). *Edwards*'s rationale is that "once a suspect indicates that '[she] is not capable of undergoing [custodial] questioning without advice of

counsel,' 'any subsequent waiver that has come at the authorities' behest, and not at the suspect's own instigation, is itself the product of the 'inherently compelling pressures' and" is "not the purely voluntary choice of the suspect." *Maryland v. Shatzer*, 559 U.S. 98, 104–05 (2010) (second alteration in original) (quoting *Arizona v. Roberson*, 486 U.S. 675, 681 (1988)). The *Edwards* rule does not apply if there has been a break in custody lasting fourteen days or more. *Id.* at 110–11. For purposes of *Miranda*, a defendant is in custody if a "reasonable person [would] have felt he or she was not at liberty to terminate the interrogation and leave." *Howes v. Fields*, 565 U.S. 499, 509 (2012) (alteration in original) (quoting *Thompson v. Keohane*, 516 U.S. 99, 112 (1995)).

The admissibility of a defendant's statements during a custodial interrogation after the defendant invokes her right to counsel depends on who says what first. In *United States v. Ortiz*, the First Circuit concluded that *Edwards* was violated based on the "sequence of events." 177 F.3d 108, 109 (1st Cir. 1999). There, Ortiz was read his *Miranda* rights, and he invoked his right to counsel. *Id.* The district court concluded that Ortiz "initiated conversation with the officers by inquiring about the charges against him" after he invoked his right to counsel. *Id.* The First Circuit reversed, reasoning that "[t]he uncontroverted testimony of Agent Navarro and Ortiz shows that *immediately* after reading Ortiz his *Miranda* rights, Agent Navarro asked Ortiz whether he wanted to cooperate. Ortiz stated that he did, and only then inquired about the charges against him." *Id.* Based on this sequence, the First Circuit concluded that the "officers thus reinitiated interrogation in violation of *Edwards*." *Id.* at 110 (citing *Minnick v. Mississippi*, 498 U.S. 146, 147 (1990) (stating that "once the accused requests counsel, officials may not reinitiate questioning

3

'until counsel has been made available' to him" (quoting *Edwards*, 451 U.S. at 484))). Since *Ortiz* was decided, the First Circuit has repeatedly explained that the defendant—not the officers—must reinitiate the conversation for the defendant's statements to be admissible. *See*, *e.g.*, *United States v. Carpentino*, 948 F.3d 10, 21–22 (1st Cir. 2020) ("To qualify for this exception, the suspect must initiate this further communication without coercion or probing.").

Here, the "sequence of events" undermines the Government's argument. *Ortiz*, 117 F.3d at 109. The officers asked Cowette for the combinations for the two safes in her house before she made any unsolicited statements that could qualify as reinitiating conversation with law enforcement. *See* Def.'s Ex. 3 at 6. Thus, any subsequent statements by Cowette during a custodial interrogation were tainted by the *Edwards* "presumption of involuntariness" that applies where, as here, there was not a fourteen-day break in custody. *See id.* at 110.

In trying to separate the wheat from the chaff, the Government argues that some of Cowette's statements were spontaneously made by her, so suppression of these statements is inappropriate. The Government offers two examples.[2] *See* Gov't's Resp. at 13 (explaining that Cowette said that a bag of fentanyl in her top drawer was hers and that she made statements about what did and did not belong to her while in a police cruiser). While these two statements were not in response to express questioning, they were in response to its "functional equivalent." *Rhode Island v. Innis*, 446 U.S. 291, 301 (1980); *see id.* 300–

---

[2] The admissibility of any other statements spontaneously made by Cowette will need to be analyzed on a case-by-case basis.

01 (explaining that the "functional equivalent" of "interrogation" includes "words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect" (footnote omitted)).  By taking Cowette inside of her house while it was being searched and asking her for the safe combinations, the officers created a situation in which it was likely that she would make statements like these to distance herself from the drugs found at the residence.  Therefore, these two spontaneous statements are inadmissible.

For the foregoing reasons, Cowette's Motion to Suppress (ECF No. 36) is **GRANTED**.

Dated this 24th day of January, 2024.

                                         /s/ Lance E. Walker
                                    UNITED STATES DISTRICT JUDGE